BARTON STEPHENS et al. v. PLEASANT TAYLOR et al.

1. LEVY ON REALTY. *What sufficient description. Charge. Error.* The circuit judge charged that a levy " that leaves one of the boundaries uninclosed and not capable of being determined, would be void for uncertainty." *Held,* erroneous, for the reason it is impossible to conceive, when three sides are given, how the other could be incapable of being determined. If there is an owner on the fourth side, the line would be controlled by that ownership, and if no such ownership, a straight line would close the *hiatus.*

2. SAME. *Separate tracts. Levy. Void sale.* Where land lies in a contiguous body, whether acquired by the owner by one or many conveyances, at one or different times, it is one tract, and a levy and sale of all is good; but where the tracts are not contiguous, each must be sold separately.

---

FROM FENTRESS.

---

Appeal in error from the Circuit Court of Fentress county. D. K. YOUNG, J.

J. D. GOODPASTURE for Stephens.

H. R. GIBSON and D. L. SNODGRASS for Taylor.

EWING, Sp. J., delivered the opinion of the court.

This is an action of ejectment brought in effect by Pleasant Taylor, the defendant in error, to recover a tract of land in Fentress county, of two hundred acres, in the possession of defendant below and plaintiff in error, Burton Stephens. The declaration has two

counts; the second of these lays the demise in the name of Taylor alone, and upon this count was the verdict. The plaintiff below produced a grant from the State of Tennessee for two thousand acres to himself, and claimed that the two hundred acres, the real thing in controversy between the parties, was included in this grant. This was denied by Stephens, who, with his plea of not guilty, put in a disclaimer as to all of the two thousand acres except the aforesaid two hundred acres, if they were included in Taylor's grant. Stephens attempted to set up in proof an outstanding title in a third person as to this two hundred acres, and especially a title to it as a purchaser, or one standing in the shoes of a purchaser, at an execution sale of this land. There was a verdict in favor of P. Taylor on the second count of the declaration, and judgment accordingly, a motion for new trial which was refused, a bill of exceptions and an appeal to this court.

The charge of the judge is set out in the bill of exceptions. It embraces much to which we see no objection, in regard to the outstanding title, possession under Taylor's grant, the abandonment of the other grant under which Stephens sought shelter as an outstanding title, etc., etc. The objections most seriously insisted on here are to that part of the judge's charge which relates to the sale under execution. The plaintiff below insisted that the sale was void for various reasons, of which, however, we will only notice such as bring in question the charge of the judge. The levy upon the land in controversy was said to be too

vague to enable the land to be identified, and that the twenty days' notice to the defendant in possession did not appear to have been given, as it should do, to make a valid sale. The levy is as follows: "I levy this *fi. fa.* on the following tract of land as the property of P. Taylor, viz., being in the head of Buffalo Cove, bounded by the cliffs, the land of P. Taylor, Burton Stephens, Jesse or Henry York, being all the lands owned by P. Taylor in the head of Buffalo Cove, being two hundred acres, more or less, this 2d of April, 1860." The land was sold under this levy, and this was followed by a sheriff's deed, describing the land as it is described in the levy. Stephens went into possession under this deed and was in possession at the commencement of this suit. The judge charged the jury in regard to this levy and deed as follows: "The plaintiff must have a levy on the lands, with such a description of the land, that a person wishing to purchase the land from its description on the levy, could easily ascertain just what land was to be sold, so as to form an estimate of the value of the same." This part of the charge, though less objectionable than another to be immediately hereafter considered, went further upon certainty of description than is now held by this court as the true rule. That rule, as stated by this court in the case of *Easley* v. *McLaren,* 1 Baxt., 1, is, that such boundaries and such description of the land. should be contained in the levy as would enable the purchaser to learn what land he purchased, or was about to purchase, and its value. But in his charge on this subject

the judge goes further and says: "A levy and sale
and sheriff's deed to land, to communicate title, must so
describe the land to be conveyed as to enclose the
land by boundaries, and a deed that leaves one of the
boundaries unenclosed and not capable of being deter-
mined, such deed and such description of land in the
levy would be void for uncertainty." Now, in ref-
erence to the levy and deed made in this case, this
clearly means that a levy made, giving the boundaries
only on three sides, is a void levy. If it does not
mean this, it is directly in the face of the case just
above referred to, where the circuit judge was asked
to charge the jury in behalf of a plaintiff, "that if
they believed from the proof that the Fowlkes land
was bounded on the east by Robert Stewart's, and on
the south by Jobe Mayberry's land, and on the north
by Nixon's land, and these lines being ascertained,
that would establish three sides of the Fowlkes land,
that would be reasonable certainty in contemplation of
law," which charge was refused. "This was," says
this court, "in effect deciding the case, and necessarily
led the jury to conclude that the levy was not good,
in the judgment of the court, as it contained the
precise point presented by the proof." By looking to
the levy in this case, it will be seen that we would
have here a consequence precisely analogous. It may
be said here, however, that the judge uses the words,
"one of the boundaries unenclosed and not capable of
being determined," and that this distinguishes this case
from that just referred to. But as it is impossible
to conceive how, three sides of a tract of land being

given, the other could be incapable of being determined, this is a distinction without a difference. If nobody owned on the fourth side, a straight line would close the *hiatus;* if any one did own on that side, the boundary would be controlled by that ownership. There was no proof of any difficulty in the closing of this line, except such as appears on the face of the levy itself. This charge of the judge was erroneous.

Again, in another part of his charge, the judge says: "If a part of two tracts of land is levied on by execution, it is the duty of the sheriff to sell said land separately, so that the debtor might redeem one, if he sees proper, without having to redeem all; and a sale of both tracts together would be a fraud on the creditor's right of redemption, and would communicate no title to the purchaser." This part of the charge, given as it was without qualification, was erroneous. He should have said, parts of two tracts not lying contiguous, for though the parts might have originally belonged to two different owners, yet if they now belonged to one and lay side by side and constituted one body of land, the sale of the whole together would not be void nor a fraud on anybody. There was nothing to show that such parts, if indeed the land had ever belonged in parcels to different owners, did not lie adjoining to each other and form one body. The levy so treats the matter and the proof does not contradict it, though there was proof tending to show that parcels of the land had belonged to different owners, but not that one part was separated from another.

For these errors the judgment will be reversed and the cause remanded to the circuit court of Fentress county for another trial.